Bradley L. Booke #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
Box 13160
Jackson, Wyoming 83001
702-241-1631
866-297-4863 fax
brad.booke@lawbooke.com

Darren Spielman, Esq. (FL Bar # 010868)
The Concept Law Group, P.A.
*Applicant pro hac vice*
6400 N. Andrews Ave. Suite 500
Ft. Lauderdale FL 33309
Email: dspielman@conceptlaw.com
Tel: 754-300-1500
Fax: 754-300-1501
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| THAT'S GREAT NEWS, LLC, A FLORIDA LIMITED LIABILITY COMPANY<br><br>        Plaintiff,<br>  V.<br><br>DEVCODA, LLC D/B/A UNISTREETS, A WYOMING LIMITED LIABILITY COMPANY;<br><br><br>        Defendant. | Case No. _____<br><br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

1

Plaintiff, THAT'S GREAT NEWS, LLC, a Florida Limited Liability Company (herein "Plaintiff" or "TGN"), through counsel, for its causes of action against Defendant, DEVCODA, LLC d/b/a Unistreets, a Wyoming Limited Liability Company (herein "Unistreets") alleges as follows:

## THE PARTIES

1. TGN is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 900 Northrop Road, Wallingford CT 06492.

2. TGN is in the publishing business, including through the creation and sale of unique artwork of "street maps", which are available for sale online through https://schoolstreetposters.com/ and https://www.etsy.com/shop/SchoolStreetPosters among other locations, all in this District and throughout the world.

3. Defendant is a limited liability company organized under the laws of Wyoming, with its principal place of business located at 30 N. Gould Street, Suite 2376, Sheridan WY 82801.

4. Defendant is the owner, operator and/or controlling force behind the Etsy shop titled "Unistreets" available at https://www.etsy.com/shop/UniStreets.

5. Defendant through its counsel, submitted a sworn counter-notification to Etsy.com under the Digital Millenium Copyright Act (DMCA), regarding multiple listings on Etsy.com of the infringing products.

## JURISDICTION AND VENUE

6. This is an action for copyright infringement, pursuant to the Copyright Act, 17 U.S.C. § 101 et seq, 106, 501, 502, 504, 505, and 512, seeking damages and injunctive relief.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2

8.     Defendant is subject to personal jurisdiction in this District, because it is engaged in the sale of the infringing products in the District of Wyoming, it markets the products on the Internet across state lines and is otherwise engaged in interstate commerce in connection with the distribution of products infringing on Plaintiff's copyrights.    Defendant's sworn DMCA counternotification further confirms Defendant's consent to the jurisdiction of the federal court in the district in which it is located.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since Defendant are causing harm within this District. Defendant has advertised, offered for sale and sold infringing products to consumers in Wyoming and to others in interstate commerce. A substantial part of the events or omissions giving rise to underlying copyright infringement claims occurred in the District of Wyoming and Defendant transacts business in the District of Wyoming. Further, Defendant has expressly consented to this venue through a sworn DMCA counternotification.

10.    All conditions precedent to the filing of this action have occurred or have been waived or excused by law.

## FACTS

11.    Prior to the conduct complained of herein, Plaintiff's predecessor in interest created and maintained ownership of original two-dimensional artwork.

12.    The Works at issue were registered with the Register of Copyrights prior to the infringing actions of Defendant. True and correct copies of the registration certificates associated with the below are attached hereto as Composite Exhibit 1.

a.     Ann Arbor, Michigan Street Map — Registration No. VA0002120688

b.     East Lansing, Michigan Street Map — Registration No. VA0002129580

c.     Columbus, Ohio Street Map — Registration No. VA0002128494

3

d.      Bloomington, Indiana Street Map — Registration No. VA0002129582

e.      Pullman — Registration No. VA0002236944

f.      State College, Pennsylvania Street Map — Registration No. VA0002128781

g.      Champaign-Urbana, Illinois Street Map — Registration No. VA0002128495

13.     Plaintiff's Copyright Registrations include visual design material.

14.     Plaintiff is the exclusive owner, through asset purchase and assignment which expressly included the right to sue and recover damages, for future, present and past infringements, of the Works, and have remained so at all times material hereto.

15.     The Works identified above are protected by copyright but are not otherwise confidential or trade secrets.

16.     Defendant is engaged in the sale of unauthorized and infringing goods of Plaintiff's copyrights, through at least online platforms such as Etsy.com, under the following Etsy.com listing numbers: 4382710647; 4347870412; 4346324122; 4346341704; 4344650228; 4347383137; and 4344730792.

17.     Defendant has never been licensed to use the copyrighted Works at issue in this action for any purpose.

18.     Defendant has been and is engaged in a pattern and practice of knowingly, intentionally, and willfully infringing Plaintiff's copyrights.

19.     Defendant's Etsy shop specifically identifies its seller details as being located in "WY, United States".

20.     In September 2025, Plaintiff identified unauthorized or infringing use of Plaintiff's copyrights, and notified Defendant through Etsy's messaging capabilities.

4

21.     Defendant never responded to the message, blocked any further messages from Plaintiff, removed the listings, and temporarily closed their storefront.

22.     In November 2025 Defendant reopened the Unistreets Etsy storefront, and continued to engage in unauthorized and infringing use of Plaintiff's copyrights.

23.     Plaintiff utilized another Etsy account to again message Defendant, but again the messages were blocked and ignored. Defendant has since not removed its infringing content, and the continued infringement is therefore willful.

24.     As a result, on December 23 and 24, 2025 Plaintiff submitted the Digital Millennium Copyright Act ("DMCA") takedown requests to Etsy.com regarding the above identified Copyrights and Defendant's unauthorized and infringing listings.

25.     On December 24, 2025 Etsy.com removed the infringing listings.

26.     On January 14, 2026, Defendant submitted counternotices under the DMCA countering each of the takedown requests.

27.     In accordance with the DMCA and Etsy's application of same, the infringing listing would be restored unless Plaintiff filed a lawsuit within 10 business days of such counter notification.

28.     Defendant copied Plaintiff's copyrighted Works without authorization or permission through the creation of the infringing goods.

29.     After Defendant copied the copyrighted Works, Defendant made further copies and distributed the Works online to promote the sale of the infringing goods as part of their business.

30.     Defendant copied and distributed Plaintiff's' copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products.

## COUNT I – COPYRIGHT INFRINGEMENT

### (Reg. No. VA0002102688)

31.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

32.    The Work covered by Reg. No. VA0002102688, titled "Ann Arbor, Michigan Street Map" is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

33.    Plaintiff, through an asset purchase and assignment, owns a valid copyright comprising the '688 Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

34.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, displayed, or distributed the Work or made derivative works from the Work.

35.    As a result of Plaintiff's prior publication and commercial exploitation of the '688 Work, Defendant had access to the '688 Work prior to their own unauthorized and infringing reproduction, distribution, and public display of the infringing goods, Etsy.com sales listing, or otherwise.

36.    Plaintiff never gave Defendant permission or authority to copy, distribute or display the '688 Work at issue in this case.

37.    Defendant reproduced, distributed, and publicly displayed, identical or substantially similar versions of the '688 Work without authorization from Plaintiff.

38.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

6

39.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

40.     Defendant knew or should have known of the infringing activity, and willfully and deliberately infringed Plaintiff's copyright.

41.     Upon information and belief, Defendant profited from the infringing activity, generating significant revenue from sales of the infringing goods.

42.     Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106 and therefore violate 17 U.S.C. § 501 by reproducing, distributing, and selling knock-off replicas of Plaintiff's copyrighted work without authorization.

43.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

44.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the '688 Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the '688 Work, which amounts shall be proven at trial.

45.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

46.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover their costs and attorneys' fees as a result of Defendant's conduct.

47.     By reason of Defendant's acts alleged herein, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but-for Defendant's acts.

7

48.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

49.     Plaintiff will continue to suffer irreparable harm unless Defendant is restrained, as monetary damages alone are insufficient to compensate for ongoing market confusion and loss of control of the copyrights.

## COUNT II – COPYRIGHT INFRINGEMENT

### (Reg. No. VA0002129582)

50.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

51.     The Work covered by Reg. No. VA0002129582, titled "Bloomington, Indiana Street Map" (herein the '582 Work") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

52.     Plaintiff, through an asset purchase and assignment, owns a valid copyright comprising the '582 Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

53.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, displayed, or distributed the Work or made derivative works from the Work.

54.     As a result of Plaintiff's prior publication and commercial exploitation of the '582 Work, Defendant had access to the Work prior to their own unauthorized and infringing

8

reproduction, distribution, and public display of the infringing goods, Etsy.com sales listing, or otherwise.

55.    Plaintiff never gave Defendant permission or authority to copy, distribute or display the '582 Work at issue in this case.

56.    Defendant reproduced, distributed, and publicly displayed, identical or substantially similar versions of the '582 Work without authorization from Plaintiff.

57.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

58.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

59.    Defendant knew or should have known of the infringing activity, and willfully and deliberately infringed Plaintiff's copyright.

60.    Upon information and belief, Defendant profited from the infringing activity, generating significant revenue from sales of the infringing goods.

61.    Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106 and therefore violate 17 U.S.C. § 501 by reproducing, distributing, and selling knock-off replicas of Plaintiff's copyrighted work without authorization.

62.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

63.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the '582 Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the '582 Work, which amounts shall be proven at trial.

64. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

65. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover their costs and attorneys' fees as a result of Defendant's conduct.

66. By reason of Defendant's acts alleged herein, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but-for Defendant's acts.

67. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

68. Plaintiff will continue to suffer irreparable harm unless Defendant is restrained, as monetary damages alone are insufficient to compensate for ongoing market confusion and loss of control of the copyrights.

## COUNT III – COPYRIGHT INFRINGEMENT

### (Reg. No. VA0002128781)

69. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

70. The Work covered by Reg. No. VA0002128781, titled "State College, Pennsylvania Street Map" (herein the '781 Work") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

71. Plaintiff, through an asset purchase and assignment, owns a valid copyright comprising the '781 Work, having registered the Work with the Register of Copyrights and owning

10

sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

72.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, displayed, or distributed the Work or made derivative works from the Work.

73.    As a result of Plaintiff's prior publication and commercial exploitation of the '781 Work, Defendant had access to the Work prior to their own unauthorized and infringing reproduction, distribution, and public display of the infringing goods, Etsy.com sales listing, or otherwise.

74.    Plaintiff never gave Defendant permission or authority to copy, distribute or display the '781 Work at issue in this case.

75.    Defendant reproduced, distributed, and publicly displayed, identical or substantially similar versions of the '781 Work without authorization from Plaintiff.

76.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

77.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

78.    Defendant knew or should have known of the infringing activity, and willfully and deliberately infringed Plaintiff's copyright.

79.    Upon information and belief, Defendant profited from the infringing activity, generating significant revenue from sales of the infringing goods.

11

80.    Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106 and therefore violate 17 U.S.C. § 501 by reproducing, distributing, and selling knock-off replicas of Plaintiff's copyrighted work without authorization.

81.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

82.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the '781 Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the '781 Work, which amounts shall be proven at trial.

83.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

84.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover their costs and attorneys' fees as a result of Defendant's conduct.

85.    By reason of Defendant's acts alleged herein, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but-for Defendant's acts.

86.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

87.    Plaintiff will continue to suffer irreparable harm unless Defendant is restrained, as monetary damages alone are insufficient to compensate for ongoing market confusion and loss of control of the copyrights.

12

## COUNT IV – COPYRIGHT INFRINGEMENT

### (Reg. No. VA0002128580)

88.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

89.     The Work covered by Reg. No. VA0002129580, titled "East Lansing, Michigan Street Map" (herein the '580 Work") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

90.     Plaintiff, through an asset purchase and assignment, owns a valid copyright comprising the '580 Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

91.     On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, displayed, or distributed the Work or made derivative works from the Work.

92.     As a result of Plaintiff's prior publication and commercial exploitation of the '580 Work, Defendant had access to the Work prior to their own unauthorized and infringing reproduction, distribution, and public display of the infringing goods, Etsy.com sales listing, or otherwise.

93.     Plaintiff never gave Defendant permission or authority to copy, distribute or display the '580 Work at issue in this case.

94.     Defendant reproduced, distributed, and publicly displayed, identical or substantially similar versions of the '580 Work without authorization from Plaintiff.

13

95.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

96.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

97.    Defendant knew or should have known of the infringing activity, and willfully and deliberately infringed Plaintiff's copyright.

98.    Upon information and belief, Defendant profited from the infringing activity, generating significant revenue from sales of the infringing goods.

99.    Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106 and therefore violate 17 U.S.C. § 501 by reproducing, distributing, and selling knock-off replicas of Plaintiff's copyrighted work without authorization.

100.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

101.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the '580 Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the '580 Work, which amounts shall be proven at trial.

102.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

103.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover their costs and attorneys' fees as a result of Defendant's conduct.

104.    By reason of Defendant's acts alleged herein, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but-for Defendant's acts.

105.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

106.    Plaintiff will continue to suffer irreparable harm unless Defendant is restrained, as monetary damages alone are insufficient to compensate for ongoing market  confusion and loss of control of the copyrights.

<u>**COUNT V – COPYRIGHT INFRINGEMENT**</u>

<u>**(Reg. No. VA0002128494**)</u>

107.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

108.    The Work covered by Reg. No. VA0002128494, titled "Columbus, Ohio Street Map" (herein the '494 Work")  is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

109.    Plaintiff, through an asset purchase and assignment, owns a valid copyright comprising the '494 Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

110. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, displayed, or distributed the Work or made derivative works from the Work.

111. As a result of Plaintiff's prior publication and commercial exploitation of the '494 Work, Defendant had access to the Work prior to their own unauthorized and infringing reproduction, distribution, and public display of the infringing goods, Etsy.com sales listing, or otherwise.

112. Plaintiff never gave Defendant permission or authority to copy, distribute or display the '494 Work at issue in this case.

113. Defendant reproduced, distributed, and publicly displayed, identical or substantially similar versions of the '494 Work without authorization from Plaintiff.

114. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

115. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

116. Defendant knew or should have known of the infringing activity, and willfully and deliberately infringed Plaintiff's copyright.

117. Upon information and belief, Defendant profited from the infringing activity, generating significant revenue from sales of the infringing goods.

118. Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106 and therefore violate 17 U.S.C. § 501 by reproducing, distributing, and selling knock-off replicas of Plaintiff's copyrighted work without authorization.

16

119.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

120.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the '494 Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the '494 Work, which amounts shall be proven at trial.

121.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

122.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover their costs and attorneys' fees as a result of Defendant's conduct.

123.    By reason of Defendant's acts alleged herein, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but-for Defendant's acts.

124.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

125.    Plaintiff will continue to suffer irreparable harm unless Defendant is restrained, as monetary damages alone are insufficient to compensate for ongoing market confusion and loss of control of the copyrights.

**COUNT VI – COPYRIGHT INFRINGEMENT**

**(Reg. No. VA0002236944)**

126.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

17

127.    The Work covered by Reg. No. VA0002236944, titled "Pullman" (herein the '944 Work") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

128.    Plaintiff, through an asset purchase and assignment, owns a valid copyright comprising the '944 Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

129.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, displayed, or distributed the Work or made derivative works from the Work.

130.    As a result of Plaintiff's prior publication and commercial exploitation of the '944 Work, Defendant had access to the Work prior to their own unauthorized and infringing reproduction, distribution, and public display of the infringing goods, Etsy.com sales listing, or otherwise.

131.    Plaintiff never gave Defendant permission or authority to copy, distribute or display the '944 Work at issue in this case.

132.    Defendant reproduced, distributed, and publicly displayed, identical or substantially similar versions of the '944 Work without authorization from Plaintiff.

133.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

134.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

18

135. Defendant knew or should have known of the infringing activity, and willfully and deliberately infringed Plaintiff's copyright.

136. Upon information and belief, Defendant profited from the infringing activity, generating significant revenue from sales of the infringing goods.

137. Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106 and therefore violate 17 U.S.C. § 501 by reproducing, distributing, and selling knock-off replicas of Plaintiff's copyrighted work without authorization.

138. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

139. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the '944 Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the '944 Work, which amounts shall be proven at trial.

140. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

141. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover their costs and attorneys' fees as a result of Defendant's conduct.

142. By reason of Defendant's acts alleged herein, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but-for Defendant's acts.

143. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate

19

remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

144.    Plaintiff will continue to suffer irreparable harm unless Defendant is restrained, as monetary damages alone are insufficient to compensate for ongoing market confusion and loss of control of the copyrights.

## COUNT VII – COPYRIGHT INFRINGEMENT
### (Reg. No. VA0002128495)

145.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

146.    The Work covered by Reg. No. VA0002128495, titled "Champaign Urbana, Illinois Street Map" (herein the '495 Work") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

147.    Plaintiff, through an asset purchase and assignment, owns a valid copyright comprising the '495 Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

148.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied, displayed, or distributed the Work or made derivative works from the Work.

149.    As a result of Plaintiff's prior publication and commercial exploitation of the '495 Work, Defendant had access to the Work prior to their own unauthorized and infringing reproduction, distribution, and public display of the infringing goods, Etsy.com sales listing, or otherwise.

20

150. Plaintiff never gave Defendant permission or authority to copy, distribute or display the '495 Work at issue in this case.

151. Defendant reproduced, distributed, and publicly displayed, identical or substantially similar versions of the '495 Work without authorization from Plaintiff.

152. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

153. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

154. Defendant knew or should have known of the infringing activity, and willfully and deliberately infringed Plaintiff's copyright.

155. Upon information and belief, Defendant profited from the infringing activity, generating significant revenue from sales of the infringing goods.

156. Defendant's acts constitute infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106 and therefore violate 17 U.S.C. § 501 by reproducing, distributing, and selling knock-off replicas of Plaintiff's copyrighted work without authorization.

157. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

158. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the '495 Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the '495 Work, which amounts shall be proven at trial.

159. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

160.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover their costs and attorneys' fees as a result of Defendant's conduct.

161.    By reason of Defendant's acts alleged herein, Plaintiff has and will continue to suffer damage to its business, reputation and goodwill and the loss of sales and profits Plaintiff would have made but-for Defendant's acts.

162.    Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

163.    Plaintiff will continue to suffer irreparable harm unless Defendant is restrained, as monetary damages alone are insufficient to compensate for ongoing market confusion and loss of control of the copyrights.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and against Defendant, as follows:

1.    Entry of judgment in favor of the Plaintiff and against Defendant on all causes of action alleged in Plaintiff's complaint;

2.    That, pursuant to 17 U.S.C. § 502, Defendant, its agents, employees, successors, assigns, and all other persons acting in concert with or affiliated with them, be permanently enjoined and restrained from copying reproducing, manufacturing, duplicating, disseminating, distributing, promoting, selling or otherwise using any unauthorized copies of or derivative Works based upon Plaintiff's Copyrighted Designs;

22

3.      That, pursuant to 17 U.S.C § 503, the Court impound and order destroyed any and all of the Infringing products, as well as any promotional materials depicting the products that infringe on Plaintiff's Copyrighted Designs;

4.      That, pursuant to 17 U.S.C. § 504, Defendant be ordered to account for all profits derived from producing, manufacturing, marketing, distributing and selling the Infringing products;

5.      That, pursuant to 17 U.S.C. § 504, Plaintiff be awarded its actual damages, or alternatively, statutory damages, including damages for Defendant's willful infringement of Plaintiff's Copyrighted Designs;

6.      Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

7.      Plaintiff be awarded pre- and post-judgment interest; and

8.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 27, 2026                    Respectfully Submitted,

_____
Bradley L. Booke #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
Box 13160
Jackson, Wyoming 83001
702-241-1631
866-297-4863 fax
brad.booke@lawbooke.com

23

Darren Spielman, Esq. (FL Bar # 010868)
The Concept Law Group, P.A.
*Applicant pro hac vice*
6400 N. Andrews Ave. Suite 500
Ft. Lauderdale FL 33309
Email: dspielman@conceptlaw.com
Tel: 754-300-1500
Fax: 754-300-1501

Attorneys for Plaintiff

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Tingle*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-102-688

**Effective Date of Registration:**
October 26, 2017

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title

| | |
|---|---|
| **Title of Work:** | Ann Arbor, Michigan Street Map |

### Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2014 |
| **Date of 1st Publication:** | October 01, 2014 |
| **Nation of 1st Publication:** | United States |

### Author

| | |
|---|---|
| • **Author:** | Eric Strand |
| **Author Created:** | 2-D artwork |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |
| **Year Born:** | 1982 |

### Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Eric Strand |
| | 5014 N Meade Ave, Chicago, IL, 60630 |

### Rights and Permissions

| | |
|---|---|
| **Name:** | Eric Strand |
| **Email:** | erstrand@gmail.com |
| **Telephone:** | (630)204-0790 |
| **Address:** | 5014 N Meade Ave |
| | Chicago, IL 60630 United States |

### Certification

Page 1 of 2

**EXHIBIT 1**

**Name:**   Eric Strand
**Date:**   October 19, 2017



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn A. Temple*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-129-582

**Effective Date of Registration:**
July 27, 2018

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title

**Title of Work:**   Bloomington, Indiana Street Map

### Completion/Publication

**Year of Completion:**   2014
**Date of 1st Publication:**   October 05, 2014
**Nation of 1st Publication:**   United States

### Author

- **Author:**   Eric Strand
  **Author Created:**   Illustration
  **Citizen of:**   United States

### Copyright Claimant

**Copyright Claimant:**   Eric Strand
5014 N Meade Ave, Chicago, IL, 60630

### Rights and Permissions

**Name:**   Eric Strand
**Email:**   erstrand@gmail.com
**Telephone:**   (630)204-0790
**Address:**   5014 N Meade Ave
Chicago, IL 60630

### Certification

**Name:**   ERIC STRAND, Author/Owner

Page 1 of 2

**Date**:   July 12, 2018

---

**Correspondence:**    Yes
**Copyright Office notes:**    Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Tingle*

Acting United States Register of Copyrights and Director

**Registration Number**
## VA 2-128-495
**Effective Date of Registration:**
July 27, 2018

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title
_____

**Title of Work:**   Champaign Urbana, Illinois Street Map

### Completion/Publication
_____

**Year of Completion:** 2014
**Date of 1st Publication:** October 01, 2014
**Nation of 1st Publication:** United States

### Author
_____

- **Author:** Eric Strand
  **Author Created:** Illustration
  **Citizen of:** United States
  **Domiciled in:** United States

### Copyright Claimant
_____

**Copyright Claimant:** Eric Strand
5014 N Meade Ave, Chicago, IL, 60630

### Rights and Permissions
_____

**Name:** Eric Strand
**Email:** erstrand@gmail.com
**Telephone:** (630)204-0790
**Address:** 5014 N Meade Ave
Chicago, IL 60630

### Certification
_____

Page 1 of 2

**Name:**  Eric Strand, Author/Owner
**Date:**  July 12, 2018

**Copyright Office notes:**  Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Tesle*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-128-494**

**Effective Date of Registration:**
July 27, 2018

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title

**Title of Work:**   Columbus, Ohio Street Map

### Completion/Publication

**Year of Completion:**   2014
**Date of 1st Publication:**   November 16, 2014
**Nation of 1st Publication:**   United States

### Author

- **Author:**   Eric Strand
  **Author Created:**   Illustration
  **Citizen of:**   United States

### Copyright Claimant

**Copyright Claimant:**   Eric Strand
5014 N Meade Ave, Chicago, IL, 60630

### Rights and Permissions

**Name:**   Eric Strand
**Email:**   erstrand@gmail.com
**Telephone:**   (630)204-0790
**Address:**   5014 N Meade Ave
Chicago, IL 60630

### Certification

**Name:**   ERIC STRAND, Author/Owner

**Date**:   July 13, 2018

---

**Copyright Office notes:**   Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn A. Temple*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-129-580

**Effective Date of Registration:**
July 27, 2018

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title
| | |
|---|---|
| **Title of Work:** | East Lansing, Michigan Street Map |

### Completion/Publication
| | |
|---|---|
| **Year of Completion:** | 2014 |
| **Date of 1st Publication:** | October 01, 2014 |
| **Nation of 1st Publication:** | United States |

### Author
| | |
|---|---|
| **Author:** | Eric Strand |
| **Author Created:** | Artwork |
| **Citizen of:** | United States |
| **Year Born:** | 1982 |

### Copyright Claimant
| | |
|---|---|
| **Copyright Claimant:** | Eric Strand |
| | 5014 N Meade Ave, Chicago, IL, 60630, United States |

### Rights and Permissions
| | |
|---|---|
| **Name:** | Eric Strand |
| **Email:** | erstrand@gmail.com |
| **Telephone:** | (630)204-0790 |
| **Address:** | 5014 N Meade Ave |
| | Chicago, IL 60630 |

### Certification

Page 1 of 2

**Name:**  Eric Strand, Author/Owner
**Date:**  July 12, 2018

---

**Correspondence:**  Yes
**Copyright Office notes:**  Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.



# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-236-944

**Effective Date of Registration:**
March 11, 2020
**Registration Decision Date:**
February 10, 2021

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

## Title

       **Title of Work:**  Pullman

## Completion/Publication

       **Year of Completion:**  2016
    **Date of 1st Publication:**  January 01, 2016
  **Nation of 1st Publication:**  United States

## Author

-       **Author:**  Eric Strand
  **Author Created:**  Artwork
     **Citizen of:**  United States

## Copyright Claimant

  **Copyright Claimant:**  Eric Strand
         5014 N Meade Ave. Chicago, IL. 60630

## Rights and Permissions

        **Name:**  Eric Strand
       **Email:**  erstrand@gmail.com
   **Telephone:**  (630)204-0790
     **Address:**  5014 N Meade Ave
           Chicago, IL 60630

## Certification

**Name:** Eric Strand, Author/Owner
**Date:** February 05, 2020

---

**Correspondence:** Yes
**Copyright Office notes:** Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kary H. Tingle*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-128-781

**Effective Date of Registration:**
July 27, 2018

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title

**Title of Work:**  State College, Pennsylvania Street Map

### Completion/Publication

**Year of Completion:**  2016
**Date of 1st Publication:**  February 01, 2016
**Nation of 1st Publication:**  United States

### Author

- **Author:**  Eric Strand
  **Author Created:**  Illustration
  **Citizen of:**  United States
  **Domiciled in:**  United States

### Copyright Claimant

**Copyright Claimant:**  Eric Strand
5014 N Meade Ave, Chicago, IL, 60630

### Rights and Permissions

**Name:**  Eric Strand
**Email:**  erstrand@gmail.com
**Telephone:**  (630)204-0790
**Address:**  5014 N Meade Ave
Chicago, IL 60630

### Certification

**Name:** Eric Strand, Author/Owner
**Date:** July 12, 2018

**Copyright Office notes:** Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.