Bradley L. Booke #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
Box 13160
Jackson, Wyoming 83001
702-241-1631
866-297-4863 fax
brad.booke@lawbooke.com

Darren Spielman, Esq. (FL Bar # 010868)
The Concept Law Group, P.A.
*Pro hac vice*
6400 N. Andrews Ave. Suite 500
Ft. Lauderdale FL 33309
Email: dspielman@conceptlaw.com
Tel: 754-300-1500
Fax: 754-300-1501
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| THAT'S GREAT NEWS, LLC, A FLORIDA LIMITED LIABILITY COMPANY, | |
| Plaintiff/Counterclaim Defendant, | Case No. 1:26-cv-000038-SWS-SPK |
| V. | |
| DEVCODA, LLC D/B/A UNISTREETS, A WYOMING LIMITED LIABILITY COMPANY, | |
| Defendant/ Counterclaim Plaintiff. | |

### PLAINTIFF AND COUNTERCLAIM-DEFENDANT THAT'S GREAT NEWS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS

Plaintiff and Counterclaim-Defendant That's Great News, LLC ("TGN") respectfully submits this Reply in further support of its Motion to Dismiss Counts I, II, and III of Defendant Devcoda LLC's ("Devcoda") counterclaims.

## I. INTRODUCTION

Devcoda's opposition confirms, rather than cures, the pleading defects identified in TGN's opening memorandum. The opposition does not dispute the central premise of the motion: each counterclaim arises from the same alleged conduct, namely TGN's submission of copyright complaints and DMCA takedown notices to Etsy through Etsy's intellectual-property reporting process.

## II. COUNTERCLAIM COUNT I REMAINS DUPLICATIVE

Devcoda's principal response to dismissal of Count I is that the counterclaim serves a "useful purpose" because TGN could voluntarily dismiss its copyright claims and because paragraph 67 seeks "actual damages and attorneys' fees and costs." That does not establish an independent controversy. It underscores the absence of one. The opposition never answers TGN's point that Counterclaim Count I is fully duplicative of Devcoda's First Affirmative Defense. Devcoda's opposition does not dispute that (a) the First Affirmative Defense asserts non-infringement of the same seven registrations as Count I (b) both are directed to the same accused listings and the same infringement allegations and (c) there is no circumstance in which the defense would succeed but Counterclaim Count I would fail, or vice versa. The declaratory counterclaim is not merely similar to the defense; it is coextensive with it.

Nor does the opposition show that a fee request transforms Counterclaim Count I into an independent controversy. A request for attorneys' fees under 17 U.S.C. § 505 does not create a stand-alone declaratory judgment claim. It depends on prevailing-party status in the copyright dispute already before the Court. Devcoda cites no authority holding that a defendant can manufacture an independent declaratory judgment controversy merely by adding a fee request to a mirror-image non-infringement counterclaim. The same is true of Devcoda's invocation of

1

hypothetical future voluntary dismissal. Whether TGN might someday seek voluntary dismissal does not alter what Counterclaim Count I presently is: a redundant non-infringement claim that rises and falls with the Complaint.

The opposition's treatment of paragraph 67 likewise confirms, rather than defeats, TGN's Rule 8 argument. Devcoda now says it does not intend to assert unnamed trademark, patent, or trade-secret controversies, and that the "catch-all" language is meant only to avoid an "overly narrow" declaration concerning possible future copyright-related claims. That concession narrows the issue, but it does not save the pleading. Counterclaim Count I is confined to the asserted registrations. Devcoda cannot expand that claim through a single "including" clause in paragraph 67 to reach unpleaded future disputes.

For that same reason, Devcoda's reliance on "actual damages" in paragraph 67 is no more effective than its fee request. The opposition never explains what damages claim is supposedly embedded in a counterclaim denominated as one for declaratory judgment of non-infringement, nor does it identify any separate cause of action supporting "actual damages" under Counterclaim Count I and should therefore be dismissed.

III. THE OPPOSITION DOES NOT CURE COUNTERCLAIM COUNT II'S FAILURES

The most substantial new argument in opposition is Devcoda's contention that Wyoming law does not require pleading a specific breached contract term because the third element of tortious interference can be satisfied by "termination" of the relationship, and that Etsy's suspension of Devcoda's seller privileges is functionally equivalent to termination. Even accepting Devcoda's statement of Wyoming law for present purposes, the argument still fails for the reason TGN raised in its opening brief and the opposition never overcomes: Devcoda's own allegations and the Etsy terms show Etsy acted within its contractual rights. Wyoming law requires a breached

2

or terminated contractual relationship, not merely disruption or dissatisfaction with the continuation of that relationship. *Price v. Sorrell*, 784 P.2d 614, 617 (Wyo. 1989).

Devcoda own opposition cites to the Etsy terms which are fatal to Counterclaim Count II. Whether Devcoda labels Etsy's conduct a "termination," a "failure to perform," or a "suspension," the opposition still does not identify any contractual duty Etsy violated by acting as its own terms expressly permit. Instead, Devcoda's response confirms that Etsy exercised rights it had reserved to itself. The opposition reinforces the motion's point that Etsy acted under its own contractual framework. The opposition also never answers TGN's related argument that the counterclaims identify no contractual provision obligating Etsy to keep Devcoda's listings active despite receipt of a compliant infringement report.

On impropriety, the opposition still does not identify any non-conclusory fact showing that TGN knew its infringement position was false when the notices were sent. Instead, it points to the parties' pre-suit disputes and to Devcoda's position that its maps are original and not substantially similar. That is not a factual allegation of independent wrongful conduct. Devcoda's opposition attempts to supply that missing factual content through argument, but it is well settled that a party may not cure pleading deficiencies through briefing. *President & Fellows of Harvard College v. Elmore*, No. 22-cv-00472, 2023 WL 4237090, at *3 (D. Wyo. June 28, 2023).

The opposition's discussion of *MFB Fertility* does not change that result, since that case turned on detailed allegations supporting willful blindness and knowing misrepresentation, allegations not present here. The opposition likewise does not neutralize *Cox*. TGN did not cite Cox as factually controlling these state-law counterclaims. TGN cited it for a narrow, legal proposition: § 512 does not create liability, and courts should not use the operation of the DMCA framework itself as a basis for inferring wrongdoing. The majority opinion states both that the

3

DMCA safe harbor is defensive and that failure to qualify for it "shall not bear adversely" on whether conduct is infringing, and it emphasizes that courts are "loath to expand" copyright-related secondary liability beyond recognized categories. Devcoda responds only that *Cox* involved an internet service provider, not an Etsy seller. However, the existence and use of the DMCA framework do not themselves create wrongful conduct, and Devcoda has pleaded no independent wrongful act beyond TGN's use of those reporting procedures.

### IV. PRIVILEGE ISSUE TURNS ON FACTS DEFENDANT HAS NOT PLEADED

The opposition concedes, at least implicitly, that the notices are not outside the privilege framework altogether. Its argument is that any privilege is merely conditional and that Devcoda has pleaded enough malice and bad faith to overcome it. The dispute is not whether the communications are potentially privileged, but whether the counterclaims plead facts sufficient to overcome the privilege. They do not.

Devcoda's reliance on *Sunny Factory* does not help it. The opposition emphasizes that *Sunny Factory* discussed a conditional privilege, but that only reinforces TGN's point that the existence of a privilege is at least recognized in this setting. Devcoda still must, and has not, plead facts amounting to malice sufficient to defeat that privilege. The counterclaims do not allege concrete facts showing that TGN subjectively knew its infringement assertions were false. The opposition's repeated references to pre-suit correspondence and obvious differences between the parties' works are still lawyer characterizations of what those facts supposedly imply; they are not substitute pleadings. Etsy's own materials show that the reporting process is structured, that Etsy can remove material based on a compliant report, and that sellers may respond through DMCA counter-notices. That is a litigation-adjacent process by design. More importantly, even under Devcoda's preferred "conditional privilege" framing, the pleading burden remains the same: it

4

must allege facts making bad faith or knowledge of falsity plausible. The opposition does not identify such facts.

## V. THE OPPOSITION DOES NOT SALVAGE COUNTERCLAIM COUNT III

On Counterclaim Count III, Devcoda's main new argument is that a claim of copyright infringement is a verifiable statement of fact and that publication to Etsy alone satisfies the publication element because Etsy is a third party. The latter point is narrower than TGN's opening argument, but even assuming publication to Etsy suffices for that element, Counterclaim Count III still fails for the reasons the opposition does not overcome. Devcoda says the statements are false because its works are independently created and not substantially similar to TGN's asserted works. That is still a merits contention about infringement, not an independently pleaded false fact akin to a fabricated chain of title, forged registration, or objectively false accusation disconnected from the legal dispute. The opposition's insistence that infringement is "verifiable" does not answer the motion's point that Counterclaim Count III simply repackages Devcoda's non-infringement defense as defamation.

Further, Devcoda's citation to Rule 9(b) is misplaced. Rule 9(b) concerns the pleading of fraud and permits malice, intent, and knowledge to be alleged generally in that setting. It does not displace *Twombly* and *Iqbal* or permit a defamation claimant to survive dismissal on bare allegations of bad faith and falsity untethered to supporting facts. Devcoda still must plead enough factual matter to make malice plausible. It has not.

## VI. CONCLUSION

TGN respectfully requests that the Court grant the motion and dismiss Counterclaim Counts I, II, and III of the counterclaims.

5

Dated: April 21, 2026

Respectfully submitted,

By: */s/ Darren Spielman/*
DARREN J. SPIELMAN, Esq.
Fla. Bar No. 10868
dspielman@conceptlaw.com
**THE CONCEPT LAW GROUP, P.A.**
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
Tel: 754.300.1500
Fax: 754.300.1501
*Attorney for Plaintiff*
and

Bradley L. Booke #5-1676
LAW OFFICE OF BRADLEY L. BOOKE
Box 13160
Jackson, Wyoming 83001
702-241-1631
866-297-4863 fax
brad.booke@lawbooke.com

*Attorney for Plaintiff*

## Certificate of Service

I hereby certify that a copy of Counterclaim Defendant That's Great News, LLC's Reply in Support of the Motion to Dismiss Counterclaims was filed and served on all counsel, via CM/ECF, as follows:

Paula A. Fleck, P.C. (WY #6-2660)
Holland & Hart LLP
645 S. Cache Street, Suite 100
P.O. Box 68
Jackson, WY 83001-0068
Telephone: (307) 739-9741
Facsimile: (307) 739-9744
pfleck@hollandhart.com
Counsel for Defendant and Counterclaim Plaintiff

Julianna L. Hunt
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103

6

Tel: (215) 965-1235
Fax: (215) 965-1331
jhunt@panitchlaw.com
Counsel for Defendant and Counterclaim Plaintiff

Dennis J. Butler
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Tel: (302) 394-6006
Fax: (215) 965-1331
dbutler@panitchlaw.com
Counsel for Defendant and Counterclaim Plaintiff

John D. Simmons
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Tel: (302) 394-6001
Fax: (215) 965-1331
jsimmons@panitchlaw.com
Counsel for Defendant and Counterclaim Plaintiff

Dated: 4.21.2026                    /s/*Darren Spielman*

                                   Darren Spielman, Esq.

                                   Counsel for That's Great News, LLC

7