FILED

10:49 am, 11/12/26

Margaret Botkins
Clerk of Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

THAT'S GREAT NEWS, LLC,

Plaintiff / Counterclaim Defendant,

v.

DEVCODA LLC d/b/a UNISTREETS,

Defendants / Counterclaims Plaintiff

Case No. 26-CV-38-SWS

**ORDER GRANTING PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS**

Mirror image counterclaims may be discarded if they offer no independent utility; however, a declaratory judgment of copyright non-infringement serves a distinct, useful purpose by insulating a defendant from future liability and surviving even a voluntary dismissal of the plaintiff's primary claims. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a claimant must plead specific, non-conclusory factual allegations that render the claim plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiffs (That's Great News) initiated this action alleging that Defendant infringed their registered copyrights. In response, Defendant (Devcoda) asserted three counterclaims: declaratory judgment of non-infringement, tortious interference with contract, and defamation. TGN moves to dismiss the counterclaims, arguing they are entirely duplicative of the initial pleadings. This Court finds that the counterclaims are duplicative, fail to serve an independent

useful purpose, and the state tort claims are preempted by federal law. Therefore, the Court grants TGN's motion to dismiss.

## STANDARD OF AJUDICATION FOR RULE 12(b)(6) MOTION TO DISMISS

Federal Rule of Civil Procedure rule 12(b)(6) allows a party to dismiss a complaint that has "failed to state a claim upon which relief can be granted." The court's function is to simply determine whether the claim itself is legally sufficient, not to weigh the evidence or consider the counterclaim's likelihood of success. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). To overcome a Rule 12(b)(6) motion to dismiss, a complaint or counterclaim's well pleaded factual allegation assumed to be true must "raise the right to relief beyond the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly, 550 U.S. at 555*. The Court accepts the nonmoving party's well pleaded factual allegations as true, viewing them in the light most favorable to the nonmoving party, but the Court is not required to accept asserted legal conclusions as true. *Ashcroft*, 556 at 678. (citing Twombly, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion, a court may consider documents expressly referenced in the pleadings, central to the claims, and not disputed in authenticity in addition to the claims themselves. *County of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002). Federal courts have authority to "declare the rights and other legal relations of any interested party seeking such declaration" when there is a "case of actual controversy within its jurisdiction. *Santa Fe Goldworks, Inc. v. Bella Jewelry, LLC*, No. 23-502, 2025 U.S. Dist. LEXIS 61416, at 5 (D.N.M. Mar. 31, 2025) (citing 28 U.S.C. §2201 (a))

## FACTUAL ALEGATIONS

Applying the standard for Rule 12(b)(6) motions set forth above, Devcoda's counterclaim asserts the following pertinent facts:

Devcoda owns and operates the UniStreets' Etsy storefront where it has sold wall art for campus legends and street icons since August 2025 (ECF 7 ¶9-11). That's Great News (TGN) is a publishing company which sells and creates artwork which it sells through the SchoolStreetPosters storefront on Etsy (*Id*. at ¶ 15). TGN has sold street maps on Etsy since 2024 (*Id*. at ¶16).

In September of 2025, the Plaintiff's founder, Eric Strand sent a message to the Devcoda via the Etsy messaging platform where Strand alleged IP theft, selling of copyrighted materials, and threatened legal action if the Devcoda did not take down the alleged infringing listings from the UniStreets storefront (*Id*. at ¶ 19). Devcoda voluntarily removed its listings and created new college street maps during this time (*Id*. at ¶20). In December of 2025, TGN submitted two Digital Millenium Copyright Act (DMCA) takedown requests to Etsy, alleging Devcoda's infringement of seven Asserted Copyright Registrations. (*Id*. at ¶ 30-33). Etsy in response removed over one hundred active listings from the UniStreets storefront. *(Id.* at ¶44-45). Because of the notices, Devcoda's selling privileges could be permanently suspended, resulting in the loss of substantial revenue. (*Id*. at ¶50-51). Devcoda assets they have never sold maps which infringe the intellectual property rights of TGN. (*Id.* at ¶53). These works are claimed to be original, independently designed, and created with the intention of avoiding copyright or trademark infringement. (*Id.* at ¶54).

Devcoda now brings this counterclaim alleging: (1) its maps are independently designed and do not infringe the Asserted Copyright Registrations (*Id.* at ¶59-65), (2) TGN improperly interfered with Devcoda's contractual relationship with Etsy by knowingly submitting false claims of infringement, causing disruption to Devcoda's contractual relationship with Etsy (*Id.* at 68-73), and (3) TGN's published statements to Etsy claiming that Devcoda

engaged in copyright infringement constitute defamation per se (*Id.* at ¶ 92,93).

## DISCUSSION

### I. Declaratory Judgment of Non-Infringement

Devcoda seeks a declaration that it does not infringe the seven works identified in the Complaint, a declaration that it does not infringe "any" of the Counterclaim Defendant's intellectual property rights with respect to the college street maps, and an award of attorney's fees under 17 U.S.C. §505. TGN moves to dismiss, arguing that the counterclaim is nothing more than Devcoda's affirmative defense packaged as a claim.

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party." 28 U.S.C. §2201 (a). The act is remedial; it does not create substantive rights or provide jurisdiction in federal court. When a dispute is already before a court in a pending claim to which the declaratory claimant has answered, a declaratory counterclaim that seeks only the converse of that claim requests nothing the court is not already obliged to decide. A counterclaim of this nature fails to state a claim upon which relief can be granted. When presented with facts like those in the present case, the Sixth Circuit affirmed the dismissal of a copyright non-infringement counterclaim as redundant because resolution of the copyright infringement claim would "dispose of all factual or legal issues necessary" for deciding the counterclaim. *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 406 (6th Cir. 2017). Applying that standard here, the counterclaim pleads no fact that the answer does not plead.

Devcoda does not contest the validity of any registration, nor does it contest ownership of the work, or any other determination the Court will not make in ruling on the infringement claim. Under *Iqbal* and *Twombly*, the Court sets aside the counterclaim's legal conclusions and looks at

the well plead facts that remain.

These facts are:

(1) Devcoda's maps are independently designed and created using publicly available geographic data and an application of the artistic choices of Devcoda.

(2) The maps are hand drawn and incorporate different styles, outlines, and internal features which contrast starkly to TGN's.

(3) These differences demonstrate a lack of similarity in content between Devcoda and TGN's work in a way that negates an assertation of unauthorized copying.

(4) TGN submitted two DMCA takedown notices "falsely" claiming Devcoda infringed the Asserted Copyright Registrations.

(5) Devcoda did not engage in unauthorized copying of the original elements of the Asserted Copyright Registrations.

(ECF 7 pp. 37-39). Devcoda's affirmative defenses include fair use, independent creation, similarities arising out of scenes a faire, lack of substantial similarity, lack of infringement, and TGN's "unclean hands" by false statements. (*Id.* at pp 22-24). There are no well plead facts that are not already in the answer as affirmative defenses. There is nothing for the counterclaim to do. Nevertheless, a district court retains the discretion to grant or decline to grant declaratory judgment. *Wilton v. Seven Falls Co*., 515 U.S. 277, 281 (1995) *(*quoting *Torch, Inc. v. LeBlanc,* 947 F.2d 193, 194 (5th Cir. 1991)).

The Declaratory Judgment Act is permissive. Courts retain the discretion to allow a counterclaim that appears duplicative to proceed if the court determines it will serve a useful purpose. The Tenth Circuit directs district courts to weigh five factors.

(1) Whether a declaratory judgement action would settle the controversy

(2) Whether it would serve a useful purpose in clarifying the legal relations at issue

(3) Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race to res judicata"

(4) Whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction

(5) Whether there is an alternative remedy which is better and more effective.

*State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994)* (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987). Two of these factors need no discussion. There is no friction between state and federal courts here, nor is there a question of procedural fencing. Devcoda argues that the counterclaim presents an independent controversy, and that it serves a useful purpose the pending action does not. The Court is not convinced.

**Independent Controversy and Useful Purpose**

**A.** Against all Intellectual Property

Devcoda seeks a declaration not only as to the seven Asserted Copyright Registrations, but as to any of TGN's intellectual property rights related to the street maps. Devcoda argues this "catch all" language expands the dispute beyond what TGN has pled to the point of an independent controversy. It does not. The Act reaches only a "case of actual controversy" that's within the court's jurisdiction. This limitation is within Article III, the question is "whether facts as alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The invoking party carries the burden of showing the dispute is "definite and concrete" rather than hypothetical. *Medimmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (quoting

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937). The burden has not been met here.

In *Medimmune*, respondents and petitioners disputed over the right to royalties under a licensing agreement. (*Id*. at 128). The Supreme Court found that the requirements of a case or controversy were satisfied where an actual, coercive threat of imminent harm forces a party to pay claims under protest. (*Id.* at 129, 134). Devcoda's attempt to use this catch all language to encompass all their street maps fails this threshold because no such coercive threat exists as to those additional works. The targeted DMCA takedown notice issued by TGN were strictly confined to the seven Asserted Copyright Registrations. No facts are alleged showing that TGN threatened Devcoda's other works. Etsy made the unilateral decision to remove Devocoda's works beyond the seven Asserted Copyrights. (ECF 7 ¶ 44, 45).

What remains is the fact that the Parties operate competing stores in the same marketplace. This environment is certainly one in which disputes may arise, but that's business. Generalized disagreements or uncoercive business environments do not create an Article III controversy. In *Surefoot LLC v. NCR Corp.*, an actual controversy existed because there was a documented history of aggressive assertions, multiple explicit threats, and ongoing litigation between the parties regarding the intellectual property. 531 F.3d 1236 (10th Cir. 2008). Here, the record is silent as to any other works. Exhibits A-C imply knowledge as to the other works. But importantly, these messages precede this present action. TGN chose not to pursue infringement claims against these works and Devcoda chooses not to include them now. The Exhibits do not suggest that TGN intended to target these works, rather they are sweeping remarks about Devcoda as a company generally infringing. If commercial rivalry alone were sufficient to satisfy Article III, every competitor in any given market could obtain a declaration of its freedom

to operate. Such an action is the kind of advisory opinion the Declaratory Judgment Act does not permit. For example, in *BP Chems, Ltd. v. Union Carbide Corp.*, the two companies were competitors in the licensing of technology used to manufacture ethylene polymers. 4 F.3d 975, 976 (Fed. Cir. 1993). The Federal Circuit affirmed that no controversy existed because the defendant had not actually threatened to sue over the disputed process. Similarly, while a DMCA takedown notice combined with the communications from TGN can be considered a threat, or a step towards litigation, there is no controversy over the unasserted works.

**B.** Attorney's Fees

Devcoda argues that its request for fees under 17 U.S.C. §505 is itself an independent controversy, one that would remain viable if TGN dismissed their affirmative claims. Section 505 authorizes an award of costs and reasonable attorney fees to the prevailing party. It is not a standalone cause of action; it creates no independent claim or controversy. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (stating that "litigation must give the plaintiff some other benefits besides reimbursement of costs that are a byproduct of the litigation itself" to be sufficient to create an Article III case or controversy). Entitlement to fees depends upon prevailing on something and the only thing which Devcoda could prevail on is the declaration addressed above. The fee request rises and falls with the claim to which it is attached.

Devcoda next argues the opportunity for attorney's fees serves a distinct useful purpose. This Court finds it does not. Federal courts are split on the issue. Devcoda directs the Court's attention to *King v. Am. Fish Attractor & Habitat, LLC*, 2016 U.S. Dist. LEXIS 120531, at *8 (W.D. Ark. Sept. 7, 2016) and *Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 80003, at *5 (N.D. Cal. Jun. 20, 2016), two cases where district courts found declaratory judgment counterclaims seeking an award of attorney's fees to serve an independent purpose. (ECF 19 pp.

8). This Court finds that neither are persuasive given the facts in this case

In *Malibu Media*, the plaintiff made and distributed pornographic videos on a subscription-based website and filed at the time 178 copyright infringement actions in federal court. 2016 U.S. Dist. LEXIS 80003, at *1. The court agreed with *Malibu* that the defendant's counterclaim was duplicative of their defenses. However, *Malibu* was known for their "'troubling pattern' of abuse" whereby the *Malibu* would bring suit against multiple defendants in a single action, send demand letters to the defendants, and rely on the potential for a defendant's embarrassment to collect nuisance-value checks. (*Id*. at 6) (quoting *Malibu Media, LLC v. John Does 1–10*, No. 12-3632, 2012 WL 53832304, at 3–4 (C.D. Cal. June 27, 2012)). Malibu's cases were little more than an "extortion scheme." (*Id.*) The court stated the threat of damage was so significant, defendants would feel pressured to settle even a meritless case. Thus, the attorney's fees served the important purpose of protecting those defendants who choose to challenge the plaintiff on the merits rather than giving in to the settlement; "that may be the only factor protecting such defendants." *(Id*. at 8). Relying upon *Malibu Media* the court in *King* simply applied the same reasoning to its own set of facts, which this Court doesn't find persuasive.

TGN is a commercial competitor asserting infringement of seven registered works against a single party. The nature of this dispute is not the kind vulnerable to abuse in which the availability of attorney's fees serves the purpose of ensuring a case is seen through. The concern is in any event premature, and the Rules address it. Fed. R. Civ. P. 41(a)(2) is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions," *Brown v. Baeke,* 413 F.3d 1121,1123 (10th Cir. 2005) (quotations omitted). Should that motion be made Devcoda may seek such terms as are warranted, and the

Court will take up the question then. The Court therefore declines to treat the prospect of a fee award as a purpose warranting a counterclaim that is otherwise entirely duplicative. Furthermore, the Court declines to entertain Devcoda's Declaratory Judgment claim. For these reasons Devcoda's declaratory judgment counterclaim will be dismissed.

**II. Tortious Interference with Contract**

Devcoda next claims TGN "intentionally and improperly" interfered with Devcoda's contractual relationship with Etsy. (ECF 7 ¶71). This claim relies entirely upon the DMCA takedown notices TGN submitted to Etsy; Devcoda alleges no other communication or interference through any other channel. (ECF 7 ¶ 71-77). TGN moves to dismiss this claim on the grounds that their statements made during the DMCA notice and takedown period are privileged, and that Devcoda failed to plausibly allege improper interference with contract.[1] This Court finds however that the claim must be dismissed for another reason; it is preempted by federal law. The Copyright Act explicitly preempts state law claims where the work falls within the subject matter of copyright. 17 U.S.C. §301(a). No person is entitled to any such right or equivalent right under the common law or statutes of any State. (*Id.*) Here Devcoda relies entirely upon statements made and actions taken by TGN as part of the DMCA takedown process. Under these facts courts have generally found state tort claims preempted.

Although the Tenth Circuit has not explicitly addressed whether federal law preempts state

---

[1] Because the DMCA notices here were submitted by counsel for TGN while representing his client, may constitute communication preliminary to a proposed judicial proceeding. See, e.g., *The Sunny Factory, LLC v. Haoyi Chen,* 2022 U.S. Dist. LEXIS 43969 (2022) (concluding that DMCA takedown notices are privileged because the statutory notice-and-takedown process is a mandatory preliminary step that may culminate in federal litigation). Some jurisdictions categorize these correspondences under a conditional privilege that may be overcome by a showing of bad faith or malice. *See Rossi v. Motion Picture Ass'n of America Inc.*, 391 F.3d 1000, 1006-07 (9th Cir. 2004). Devcoda has failed to allege facts to support either.

law tortious interference claims that are based solely on the submission of DMCA takedown notices, other federal courts have repeatedly held that claims like these are preempted. *See Computer Associates International, Inc. v. Altai, Inc*., 982 F.2d 693, 716 (2d Cir. 1992); *Online Pol'y Grp v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1206 (N.D. Cal. 2004); *Allegiant Marketing Group, Inc. v. May Avenue Ford, LLC,* 986 F.Supp.2d 1259, 1262 (W.D. Okla. Nov. 14, 2013). Following the Tenth Circuit's analysis under the federal copyright act in *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133 (10th Cir. 2009), this Court believes the Tenth Circuit would find Devcoda's state law claims for tortious interference with contract and defamation, which are based solely upon actions taken and statement made in the DMCA takedown requests, would be pre-empted. *Id*. at 1148-49 (affirming dismissal of state common-law claims for unfair competition and un-just enrichment because they were pre-empted by the Copyright Act).

Neither is this a case where a Defendant is without a remedy. Congress anticipated the potential abuse of the copyright enforcement mechanism and provided an explicit federal statutory remedy for the misuse of the DMCA takedown procedures under 17 U.S.C §512(f). That section holds any person liable for damages including costs and attorney's fees if they knowingly make material misrepresentations in a DMCA notice. (*Id.*) While some courts have permitted state law tort claims to proceed where the alleged interference extends beyond the statutory notice itself, see, e.g., *Charles F. Wachendorfer Consulting Group LLC v. Think2Perform Exam Services Co.*, 2026 WL 836902, no such additional conduct is alleged here. Because Devcoda's tortious interference claim rests exclusively on the transmission and content of the DMCA notices, the claim is preempted by federal law. Accordingly, this claim is dismissed.

**III. Defamation**

Devcoda next asserts a state law defamation claim arising out of the same DMCA takedown notices. (ECF 7 ¶ 83). TGN moves to dismiss based on issues of known falsity, publication, and harm to Devcoda.

Devcoda relies on *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, where a federal court permitted a state law defamation per se claim to proceed alongside a §512(f) statutory claim. 730 F. Supp. 3d 740 (N.D. Ill. Apr. 22, 2024). In *MFB Fertility*, the competitor stated a cognizable counterclaim for defamation per se under Illinois law because the text of the DMCA notice clearly misrepresented undisputed facts and explicitly identified the counterclaim plaintiff as the sole infringer, satisfying the threshold requirements for pleading a plausible claim under state law. (*Id.*) The reliance on *MFB* is misplaced here. Even if such a claim could escape Copyright Act preemption, Devcoda's complaint fails to allege any specific facts to support an inference of bad faith or culpable misconduct. What remains is the allegation that TGN submitted standard DMCA notices claiming Devcoda infringed on TGN's registered copyright, the validity of which Devcoda does not contest in these counterclaims.

General conduct of this kind encompasses a "wide swath of conduct, much of it innocent." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Allegations that fail to separate something culpable from something innocent do not satisfy the plausibility standard. (*Id.*) Devcoda's complaint fails to allege any extra-statutory facts or bad faith necessary to cross the line from a routine DMCA copyright notice to an actionable tort. The Court will not allow this preempted claim to proceed. Accordingly, Devcoda's defamation claim will also be dismissed.

## CONCLUSION AND ORDER

Devcoda has not pled sufficient facts to state plausible claims for relief under any of its counterclaims. Count I presents no independent controversy and serves no useful purpose that adjudication of the infringement claim will not serve, and the Court declines to entertain it. Counts II and III fail because they are preempted by federal law. Other than the statements made as part of the DMCA takedown notices, Devcoda has not pled additional facts to support an inference of bad faith to allow either of these claims to proceed.

Plaintiff requests leave to amend should the Court find any count insufficiently pled. (ECF 17 pp. 28 n. 3). This request is made in the footnote of their response; such drive by requests are improper and insufficient. *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020); (ECF 17). A single sentence request for leave to amend made inside a footnote or as passing alternative relief does not constitute a valid motion. *Linchfield v. Kubler,* 183 F.4th 1248, 1270 (10th Cir. 2026) (citing *Calderon v. Kansas Dep't of Social & Rehabilitation Services*, 181 F.3d 1180, 1186 (10th Cir. 1999). Devcoda has failed to provide adequate notice to the courts and to TGN of their request, the Court will deny it.

**IT IS THEREFORE ORDERED** Counterclaim Defendants' Motion to Dismiss (ECF 16) is GRANTED. Counterclaims I, II, and III are hereby **DISMISSED WITHOUT PREJUDICE**.

**ORDERED:** November 11th, 2026.

Scott W. Skavdahl
United States District Judge