FILED

4:50 pm, 11/16/26

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

THAT'S GREAT NEWS, LLC, a Florida limited liability company,

Plaintiff,

vs.

DEVCODA LLC d/b/a UNISTREETS, a Wyoming limited liability company,

Defendant.

Case No. 1:26-cv-00038-SWS

## INITIAL PRETRIAL ORDER

On November 16, 2026, an initial pretrial conference was held in this matter before the Honorable Scott P. Klosterman, Chief Magistrate Judge for the District of Wyoming. *See* FED. R. CIV. P. 16; U.S.D.C.L.R. 16.1. Participants included the following: Darren J. Spielman and Bradley L. Booke for the Plaintiff and John D. Simmons and Paula A. Fleck for the Defendant. After hearing from the parties, the Court sets forth the following trial schedule.

(a) *JURISDICTION AND VENUE*. The Court has jurisdiction over the parties and the subject matter of this action, and venue is proper in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

(b) *CONSENT TO TRIAL BY MAGISTRATE JUDGE*. The parties are aware of the provisions of 28 U.S.C. § 636(c) and U.S.D.C.L.R. 73.1(a) and acknowledge that this case

will proceed before the District Judge assigned hereto and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge at least sixty (60) days prior to the trial date.

(c) *CLAIMS AND DEFENSES.*

(1) Plaintiff's statement of the case:

> Plaintiff and Counterclaim-Defendant, That's Great News, LLC ("TGN"), asserts infringement of seven federal copyright registrations, pursuant to 17 U.S.C. §§ 101 et seq, 106, 501, 502, 504, 505, and 512, seeking damages and injunctive relief. TGN filed its Complaint on January 28, 2026. Devcoda filed its Answer and Counterclaims on March 10, 2026 (ECF No. 7), asserting eleven affirmative defenses: noninfringement, fair use, independent creation, scènes à faire, merger doctrine, lack of substantial similarity, invalidity under 17 U.S.C. § 102(a), unclean hands, no damages, no attorneys' fees and costs, and lack of willfulness. Devcoda's counterclaims alleged a declaratory judgment of non-infringement, defamation, and tortious interference with a business contract.
>
> TGN filed a motion to dismiss the Counterclaims on March 31, 2026 which is fully briefed. (ECF Nos. 16, 17, 18). Devcoda filed a Motion for Judgment on the Pleadings on October 19, 2026 (ECF No. 24). TGN has filed its Opposition Motion on November 2, 2026 (ECF No. 25). Both motions are pending.

ECF No. 27 ¶ 4.

(2) Defendant's Statement of the case:

> Defendant and Counterclaim-Plaintiff, Devcoda, LLC d/b/a UniStreets (herein, "Devcoda") denies that it infringes any of the seven asserted registrations. The works at issue are street maps of college towns. Street names, town layouts, and the geography they depict are facts. Facts are not protectable. Any other features the parties' posters share, such as school colors and labeled streets, follow from the subject matter and the conventions of the genre. Devcoda also independently

> created its own works. Devcoda reserves all defenses concerning TGN's ownership of the asserted registrations and their validity.
>
> Devcoda's Counterclaims seek a declaration of non-infringement. They also assert tortious interference with a contract and defamation arising from TGN's related communications. TGN's Motion to Dismiss the Counterclaims (ECF Nos. 16-18) is fully briefed. Devcoda's Motion for Judgment on the Pleadings (ECF No. 24) seeks judgment on all seven counts of the complaint.

*Id.*

(d) *COMPLEXITY OF THE CASE*. The undersigned Judge is of the opinion that this is a non-complex case.

(e) *RULE 26(f) SCHEDULING CONFERENCE*. The parties have complied with their meet-and-confer duties under Federal Rule of Civil Procedure 26(f).

(f) *SELF-EXECUTING ROUTINE DISCOVERY, DISCOVERY DISPUTES, AND DUTY TO SUPPLEMENT.*

(1) The parties have complied with the self-executing routine discovery exchanges required by Federal Rule of Civil Procedure 26(a)(1).

(2) Pursuant to U.S.D.C.L.R. 37.1(b), the parties shall confer regarding any discovery dispute. In the event the parties cannot resolve the discovery dispute on their own, counsel shall jointly contact Magistrate Judge Klosterman's chambers to attempt informal resolution of the issue prior to filing any written discovery motions.

(3) The parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Federal Rule of Civil Procedure

26(e).

(g) *PROPOSED ORDERS*. All proposed orders regarding non-dispositive motions filed in this matter should be submitted to Magistrate Judge Klosterman's chambers in Microsoft Word format via email to ***wyojudgespk@wyd.uscourts.gov***.

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Microsoft Word format via email to ***wyojudgesws@wyd.uscourts.gov***.

(h) *USE OF GENERATIVE ARTIFICIAL INTELLIGENCE (AI)*. The Court does not prohibit Parties' use of generative AI in their filings. However, it is imperative that Parties who use AI ensure that any filings do not contain erroneous or fictious case law authority or other references that mislead opposing counsel and the Court. The Parties are put on notice that failure to exercise due care in reviewing and filing work product created with the assistance of generative AI tools may violate Rule 11 and other applicable standards of practice and subject the filer to sanctions or other corrective or disciplinary action. Parties should review and comply with the Court's General Order Concerning the Use of Artificial Intelligence in the Preparation of Filings, 25-01.

(i) *AMENDMENT OF PLEADINGS*. Any motions to amend the pleadings or add additional parties shall be filed on or before **Friday, January 15, 2027**.

(j) *EXPERT WITNESS DESIGNATIONS WITH SUMMARIES*. The parties shall designate expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2), U.S.D.C.L.R. 26.1(e), and the following:

(1) Plaintiff shall designate expert witnesses and provide Defendant with a

complete summary of the testimony of each expert by **<u>Thursday, June 17, 2027</u>**. Defendant shall designate expert witnesses and provide Plaintiff with a complete summary of the testimony of each expert by **<u>Friday, July 9, 2027.</u>**

(2) These summaries shall include a comprehensive statement of the expert's opinions and the bases for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980) (reversing $800,000 jury verdict where the plaintiff's medical expert's testimony exceeded the scope of the designation and summary). This expert designation with summary <u>does not</u> satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B) for retained experts; the parties must still disclose, and file with the Court, their written expert reports required by Rule 26(a)(2)(B). *See Vincent v. Nelson*, 51 F.4th 1200 1213–22 (10th Cir. 2022) (discussing and contrasting disclosure requirements for retained experts versus non-retained experts).

(3) In cases where treating medical or mental health providers, including vocational rehabilitation specialists, may or will be called to testify at trial in part or in full as an expert witness, the party calling that witness shall designate that medical or mental health provider as an expert witness.

(4) The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witness will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at

which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(e).

(k) *LISTING OF OTHER WITNESSES*. The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witness designations, on or before **Monday, August 9, 2027**. Such witness lists shall include the name, address, and a fair summary of the expected testimony of each witness. Copies of such witness lists shall be filed with the Court. Non-expert witnesses not listed or included in initial disclosures will be prohibited from testifying, absent leave of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

(l) *DISCOVERY CUTOFF DATE*. The discovery cutoff date is **Monday, November 8, 2027**. All written discovery requests shall be served upon and received by the opposing party on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Federal Rule of Civil Procedure 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

(m) *DISPOSITIVE MOTIONS AND DAUBERT CHALLENGES*.[1] Dispositive motions and *Daubert* challenges should be handled as follows:

[1] A "*Daubert* challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); FED. R. EVID. 702.

(1) The deadline for the parties to file all dispositive motions and *Daubert* challenges, together with briefs and materials in support thereof, is **Monday, November 22, 2027**. Responsive briefs and materials shall be filed on or before **Monday, December 6, 2027**. Replies must be filed on or before **Monday, December 13, 2027**.

(2) If a dispositive motion or a *Daubert* challenge is filed sooner than the deadline set forth herein, the briefing schedule for the motion or challenge shall comply with U.S.D.C.L.R. 7.1.

(n) *STIPULATIONS AS TO FACTS*. The parties shall exchange proposals for stipulations as to facts. The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: Packet #1 shall be those facts to which both parties agree and stipulate, Packet #2 shall be the facts to which Plaintiff stipulates and Defendant does not, and Packet #3 shall be the facts to which Defendant stipulates and Plaintiff does not. The parties shall file these packets with the Court by **Monday, December 20, 2027**.

(o) *MOTIONS IN LIMINE*. Motions in Limine or other motions relating to pretrial evidentiary rulings shall be filed no later than **Monday, December 20, 2027**, with responses due no later than **Monday, January 3, 2028**. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference. No replies are permitted without leave of the Court.

(p) *FINAL PRETRIAL CONFERENCE*. A final pretrial conference in this matter has been scheduled before the Honorable Scott W. Skavdahl on **Tuesday, January 11, 2028,**

**<u>at 8:15 a.m.</u>**, in Courtroom No. 2 at the Ewing T. Kerr Federal Building, 111 South Wolcott Street, Casper, Wyoming 82601. Counsel for the parties shall appear in person.

(1) Before the final pretrial conference, counsel for represented parties all must agree upon, prepare, and sign a joint proposed Final Pretrial Order - Jury Trial, prepared for Judge Skavdahl's signature in the format provided on the District of Wyoming website (***www.wyd.uscourts.gov***) under "Judge's Info" → "Judge Skavdahl." This form will take the place of a final pretrial memorandum. If you cannot locate the form, please contact Judge Skavdahl's chambers. All represented parties are jointly responsible for the preparation of the proposed Final Pretrial Order - Jury Trial. A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) in Microsoft Word via e-mail to ***wyojudgesws@wyd.uscourts.gov*** at least **seven (7) days** before the final pretrial conference.

(2) Witness and exhibit lists must be exchanged by the parties (but not filed) at least **ten (10) days** before the final pretrial conference. Exhibit lists and witness lists must be included as part of the proposed Final Pretrial Order - Jury Trial in accordance with the instructions in the form order. The parties are not required to list rebuttal witnesses or impeachment exhibits.

(3) Copies of all exhibits in either electronic or paper form must be brought to the final pretrial conference. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order.

(q) *EXHIBIT PREPARATION*. Exhibits must be prepared for the final pretrial conference and for trial in accordance with the following instructions:

(1) **Marking Exhibits.** All exhibits must be marked by the parties before trial. Plaintiff shall list and mark each exhibit with numerals and the case number, e.g., "Case 23CV990 Plaintiff's Exhibit 1." Defendant shall list and mark each exhibit with letters and the case number, e.g., "Case 23CV990 Defendant's Exhibit A." In the event there are multiple plaintiffs and/or defendants, please identify the particular party in the exhibit marking, e.g., "Case 23CV990 Plaintiff Smith Exhibit 1" or "Case 23CV990 Defendant Smith, Inc. Exhibit A." Unambiguous abbreviations may also be used, such as "Case 23CV990 P's Ex. 1." U.S.D.C.L.R. 16.2(b)(2).

(2) **Elimination of Duplicates.** The parties should compare their exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be identified on Plaintiff's exhibit list and marked as a "joint exhibit," e.g., "Case 23CV990 Joint Exhibit 1."

(3) **Copies for the Court.** At the beginning of trial, each party must supply the Court with one (1) hard copy and one (1) electronic/digital copy of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed. The electronic copy may be provided on a USB drive, DVD, or CD.

(r) *EXHIBIT LISTS*. Each party's exhibit list is to be prepared in the following format:

| EXHIBIT # | DESCRIPTION | FILE NAME | OBJECTION CATEGORY (A, B, and/or C) | OBJECTION AUTHORITY (CITE FED.R.EVID.) | OFFERED THRU WITNESS * | ADMITTED/ NOT ADMITTED (A/NA) † |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. ****.jpeg) | | | | |
| | | | | | | |

† These columns are for use by the trial judge during trial. Nothing should be entered in these columns by the parties.

(1) The following are the objection categories:

**Category A.** No objections. These exhibits are admissible upon request of any party and will be available for use by any party at any stage of the trial without further proof, foundation, or objection.

**Category B.** These exhibits are objected to on grounds *other than* foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C.** These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over a foundation objection may move for attorney fees and costs incurred to establish the foundation.

(2) Any attorney requiring authentication of an exhibit must so notify the offering attorney in writing within **five (5) business days** after the exhibit is made available to opposing counsel for examination. Failure to do so is an

admission of authenticity.

(3) Any exhibit not listed on an exhibit list is subject to exclusion at trial. The Court may deem any objection not indicated on the exhibit list as waived.

(s) *WITNESS LISTS*. The parties shall identify all witnesses they will call or may call and shall further identify whether each witness will testify in person, by deposition, or by videotape.

(t) *JURY EVIDENCE RECORDING SYSTEM (JERS)*. The Court uses the Jury Evidence Recording System (JERS) for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). JERS allows jurors to review most evidence (documentary, photo, or video exhibits) on a large flat panel television during deliberations. The parties must provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the Office of the Clerk of Court **no later than seven (7) days prior to trial**. All electronic evidence should be provided using the following formats:

- **Documents and Photographs:** .pdf, .jpg, .bmp, .tif, or .gif
- **Video and Audio Recordings:** .avi, .wmv, .mpg, .mp3, .mp4, .wma, or .wav

Individual files should not exceed 500MB. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

(u) *JURY TRIAL*. A jury trial in this matter has been scheduled before the Honorable Scott W. Skavdahl on **Monday, January 31, 2028, at 9:00 a.m.** in Courtroom No. 2 at the Ewing T. Kerr Federal Building at 111 South Wolcott Street, Casper, Wyoming 82601.

Trial is expected to last **five (5) days**. This trial is currently **stacked #1** on the Court's civil docket. *See* U.S.D.C.L.R. 40.1(a). However, the parties are hereby informed that the stack number only refers to the Court's civil docket. Because criminal trials take precedence over civil trials due to the obligations imposed by the Speedy Trial Act, all civil trial dates—regardless of stack number—are subject to change in the unlikely event that a criminal matter, set on the same day, proceeds to trial. If such an occurrence is probable, the Court will inform the parties at the final pretrial conference, if not sooner.

(v) *PROPOSED VOIR DIRE QUESTIONS, JURY INSTRUCTIONS AND VERDICT FORMS, AND JOINT STATEMENT*. At least **seven (7) days** before trial, the parties shall file their proposed voir dire questions, proposed jury instructions, proposed verdict forms, and a joint statement (all subject to the parties' right to supplement such proposals at trial due to matters that cannot be reasonably foreseen).

(1) The proposed jury instructions and verdict forms shall also be submitted directly to Judge Skavdahl's chambers in Microsoft Word format via email to ***wyojudgesws@wyd.uscourts.gov***. The jury instructions must be formatted as a single document and include citations to authority but should not include a signature block at the bottom of each instruction.

(2) The parties' joint statement shall set forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted. The joint statement will serve as the basis for informing the jury panel of the background of the case prior to voir dire. The parties should make every effort to agree upon the language for the joint

statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends …. Defendant contends…."

(w) *SETTLEMENT POSSIBILITIES*. The undersigned Judge considers the settlement possibilities of this case to be fair.

Dated this 16th day of November, 2026.

Scott P. Klosterman
United States Magistrate Judge